UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  CASE NO.: 8:09-BK-26432-CED
        CHAPTER 13

EDWARD C. CARON
And SHARON M. CARON

   Debtors.
_____/

## AMENDED CHAPTER 13 PLAN

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. The valuations shown below will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim may be unsecured. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

**All secured creditors, including mortgage creditors, must be paid through the plan as part of the plan payment to the Chapter 13 Trustee.** The only exception will be if the Debtor is current with a secured creditor, the Debtor may file a separate motion asking the court to allow them to make direct payments to that creditor. If the Debtor is allowed to make direct payments, the stay will lift as to that property and creditor, and that property will no longer have any bankruptcy court protection.

**A.   PLAN PAYMENTS AND LENGTH OF PLAN:**

The projected disposable income of the Debtor is submitted to the supervision and control of the Trustee. The Debtor shall pay the Trustee by money order or cashier's check following the filing of this chapter 13 plan the sum of **$456.00 for one (1) month, then $873.00 for the remaining fifty-nine (59) months**, or until the claims as provided for by the plan are paid. If the claims as provided in the plan cannot be paid within sixty (60) months, the payment shall be increased as ordered by the Court. Payments to the Trustee shall commence within thirty (30) days from the filing of the petition or as ordered by the Court. Each pre-confirmation plan payment shall include all adequate protection payments made pursuant to §1326(a)(1)(C).

**B.   CLASSIFICATION AND PROVISION FOR CLAIMS:**

1.  **CLAIMS GENERALLY:**  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payments to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

2. **ADMINISTRATIVE CLAIMS**: Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

3. **TRUSTEE FEES**: Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

4. **ATTORNEYS FEES FOR DEBTOR'S COUNSEL PAID IN PLAN**: Trustee will pay allowable attorneys fees as set forth below within the life of this Plan and shall be treated as an administrative expense. At a minimum, the attorney fees to be paid under the plan shall be paid in the amount of **$500.00** per month until paid in full.

| Total Amount of Attorneys' Fees | Amount Paid Through Plan |
|---|---|
| **$3,500.00** | **$2,219.00** |

5. **PRIORITY CLAIMS**:

    a. <u>Domestic Support Obligations</u>: Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C. §507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. §1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Name of Creditor: | Total Est. Claim: | Estimated Payment: |
|---|---|---|
| **NONE** | | |

Pursuant to §507(a)(1)(B) and §1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to said entity for the purpose of collection.

| Name of Claimant | Proposed Treatment |
|---|---|
| **NONE** | |

    b. <u>Other Priority Claims</u> (e.g., tax claims): These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim: | Estimated Payment: |
|---|---|---|
| **Internal Revenue Service** | **$5,513.64** | **$91.90** |

6. **SECURED CLAIMS**: Holders of secured claims will be paid monthly adequate protection payments to the extent the Trustee receives a sufficient payment from the

2

Debtor prior to the administrative deadline for processing disbursements. Such adequate protection disbursements shall begin thirty (30) days after a legible executed Proof of Claim, complete with all documentation necessary to establish the nature and extent of the claimed lien and Creditor's entitlement to adequate protection payments, is filed with the Court and served on the Trustee, the Debtor, and Counsel for Debtor. It shall be understood that during the course of this Plan, Debtor may make some monthly payments before the Trustee's monthly deadline and other payments after such monthly deadline, which may result in variation in timing and amount of disbursements to creditors, even if the Debtor is in full compliance with the terms of this Plan.

Pre-Confirmation Adequate Protection Payments: No later than thirty (30) days after the date of the filing of this Plan or the Order of Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor(s) make such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor(s) elects to make such adequate protection payments directly to creditor, and such creditor is not otherwise paid through the plan, upon confirmation said claims shall be neither dealt with or affected by the Plan as confirmed.

| Name of Creditor: | Total Est. Claim: | Monthly Pre-Confirmation Ad. Protection Payment in Plan: |
|---|---|---|
| **Ford Motor Credit** | $19,416.84 | $368.65 |
| **Jareds Jewelers** | $5,654.84 | $107.36 |

    a. Claims Secured by Real Property Which Debtor(s) Intend to Retain / Mortgage Payments Paid **Outside** Plan: Debtor(s) will pay all regular monthly post-petition mortgage payments outside the Plan. The Debtor is current on his mortgage(s), and he will file a motion asking the Court to make direct payments to these secured creditors. The Debtor(s) shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor: | Total Est. Claim: | Estimated Payment: |
|---|---|---|

**NONE**

    b. Claims Secured by Real Property Which Debtor(s) Intend to Retain / Arrearages Paid Through Plan: In addition to the provisions in paragraph (a) above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor: | Total Est. Claim: | Estimated Payment: |
|---|---|---|

**NONE**

    c. Claims to Which §506 Valuation is Not Applicable: Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one (1) year of filing. Upon confirmation of the Plan, the interest

3

rate and value shown below or as modified will be binding unless timely written objection to confirmation is filed and sustained by the Court. Payments distributed to the Trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

| Name of Creditor: | Security: | Ad. Prot. Pmt (Paid in Plan) | Total Est. Claim: | Int. Rate: | Total to be Paid |
|---|---|---|---|---|---|
| **Ford Motor Credit** | **2006 Ford Explorer** | **$368.65** | **$19,416.84** | **5.25%** (*Till* + 2) | **$22,119.00** |
| **Jareds Jewelers** | **Jewelry** | **$107.36** | **$5,654.00** | **5.25%** (*Till* + 2) | **$6,441.60** |

    d.    Claims to Which §506 Valuation is Applicable:

| Name of Creditor: | Security: | Ad. Prot. Pmt (Paid in Plan) | Total Est. Claim: | Int. Rate: | Total to be Paid |
|---|---|---|---|---|---|

**NONE**

    e.    Secured Claims on Personal Property- Balance Paid **Outside** Plan: The Debtor shall pay the post-petition payments on the following secured claims: (The Debtor is current on her payments, and she will file a motion asking the Court to make direct payments to these secured creditors).

| Name of Creditor: | Collateral: | Total Est. Claim: | Est. Payment: |
|---|---|---|---|

**NONE**

    Surrender of Collateral:    Debtor(s) will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Automatic Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| Name of Creditor: | Collateral to be Surrendered: |
|---|---|
| **Flagstar Bank** | **Single Family Home** <br> **19606 Amazon Basin Bend** <br> **Lutz, FL 33559** |
| **Regions Bank** | **Single Family Home** <br> **19606 Amazon Basin Bend** <br> **Lutz, FL 33559** |

**Doug Beldon, Tax Collector**         **Single Family Home**
                                       **19606 Amazon Basin Bend**
                                       **Lutz, FL 33559**

**Sanctuary on Livingston**            **Single Family Home**
**Homeowners Association**             **19606 Amazon Basin Bend**
                                       **Lutz, FL 33559**

7. SECURED- LIENS TO BE STRIPPED or AVOIDED:

The Debtor(s) shall file a Motion to determine the secured status of the following mortgage claims and seek to strip off the lien conditioned on the debtor(s) obtaining a discharge or on further order of the Court:

Name of Creditor:                              Estimated Amount:

**NONE**

8. LEASES / EXECUTORY CONTRACTS:

| Name of Creditor: | Collateral: | Assume / Reject |
|---|---|---|
| **Lexington Park at Westchase** | **N/A** | **Reject** |

9. OTHER CREDITORS PAID IN FULL IN PLAN:

Name of Creditor/ Description:                 Estimated Amount:

**NONE**

**10.** UNSECURED CREDITORS:    Unsecured creditors with allowed claims shall receive pro rata share of the balance of any funds remaining after payments to the above-referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is **$12,276.00**

**C.    OTHER PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court; and

3. Property of the estate shall not vest in Debtor(s) until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

## DECLARATION

I(we), Edward C. Caron and Sharon M. Caron, Debtor(s) in the above-styled case, declare under penalty of perjury that I(we) have read the foregoing Amended Chapter 13 Plan, and that it is true and correct to the best of my(our) knowledge, information, and belief.

Dated: __1/5__, 2010

_____
Edward C. Caron, Debtor

Dated: __1/5__, 2010

_____
Sharon M. Caron, Debtor

**D.  PLAN SUMMARY:**

The following summary is intended to provide an estimate of anticipated distributions pursuant to the proposed Chapter 13 Plan. The actual disbursements may vary based upon the claims filed and valuations of collateral.

| | CREDITORS | AMOUNT TO BE PAID UNDER PLAN |
|---|---|---|
| 1. | Attorney Fees: | $2,219.00 |
| 2. | Priority: | |
| | a. Domestic Support Obligations | $0.00 |
| | b. Other-IRS | $5,513.64 |
| 3. | Secured Creditors: | $0.00 |
| | a. Ford Motor Credit 2006 Ford Explorer $368.65 x 60 | $22,119.00 |
| | b. Jareds Jewelers $107.36 x 60 | $6,441.60 |
| 4. | Other Creditors Paid in Full: | $0.00 |
| 5. | Leases / Executory Contracts: | $0.00 |
| 6. | Unsecured Creditors: | $12,276.00 |
| | SUBTOTAL: | $48,569.24 |
| 7. | Trustee's Fee: 6.5% | $3,376.47 |
| | **TOTAL:** | **$51,945.71** |

| | |
|---|---|
| 1 Month @ $456.00 per month | $456.00 |
| 59 Months @ $873.00 per month | $51,507.00 |
| TOTAL: | $51,963.00 |